UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC A. DOUGLAS,**

      **Plaintiff,**

v.                                                                 **Case No: 6:17-cv-490-Orl-37DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Eric A. Douglas (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI). Doc. 1; R. 1-17, 257-66. Claimant argued that the Administrative Law Judge's (the ALJ) decision should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because Claimant is presenting new, noncumulative, and material evidence to the Court. Doc. 14 at 13-21. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.  THE ALJ'S DECISION

Claimant filed applications for DIB and SSI in May 2013. R. 24, 257-66. Claimant alleged a disability onset date of April 30, 2013. *Id.*

On June 12, 2015, Claimant completed a form titled "Claimant's Recent Medical Treatment." R. 375-76. On the form, Claimant noted that he had been treating with Miguel Morales, M.D. every month; that he had been hospitalized at Lakeside Alternatives for attempted

suicide; and that he had treated with Christopher L. Reeves, DPM and undergone outpatient surgery at the Orlando Foot & Ankle Clinic to reattach a torn tendon in his foot. *Id*.

On October 15, 2015, the ALJ held a hearing, at which Claimant was represented by an attorney. R. 45-122. At the hearing, the following exchange took place between the ALJ and Claimant's attorney:

ALJ:  Exhibits are 1A though 10F, any objections to those being admitted?

ATTY:  No objection

. . .

ALJ:  And is there any evidence related to the claim, not already in the file?

ATTY:  No, ma'am.

R. 47

The ALJ issued her decision on November 12, 2015. R. 24-38. The ALJ found that Claimant was capable of performing jobs that exist in significant numbers in the national economy. R. 36-37. Therefore, the ALJ found that Claimant was not disabled from April 30, 2013 through the date of the ALJ's decision. *Id*.

## II.     STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d

1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

Claimant did not argue that the ALJ's decision should be remanded pursuant to sentence four of 42 U.S.C. § 405(g). Instead, Claimant argued that this case should be remanded pursuant to sentence six of § 405(g). The Eleventh Circuit Court of Appeals has stated as follows with regard to the standard to be applied when considering a sentence six remand:

> The sixth sentence of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable. 42 U.S.C. § 405(g). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir.2007). To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986).

*Enix v. Comm'r of Soc. Sec.*, 461 F. App'x. 861, 863 (11th Cir. 2012).

Here, Claimant argued that new evidence exists that was previously unavailable for review by the ALJ. Doc. 14 at 13-21. Specifically, Claimant argued that the ALJ was missing the following records: (1) medical records from Dr. Morales dated May 22, 2014 through March 9, 2015; (2) hospitalization records from Lakeside from early 2014; and (3) records from Orlando Foot & Ankle from early 2015 (collectively the "Records"). *Id*. Claimant argued that the Records constituted "new" evidence that is both material and noncumulative, and that there was good cause for Claimant's failure to submit the Records at the administrative level. *Id*. But the undersigned need not reach whether or not the Records are material and noncumulative because Claimant has failed to demonstrate good cause for his failure to submit the Records at the administrative level.

At the outset, the undersigned notes that all of the Records were from before not only the ALJ's decision dated November 15, 2015, but also the hearing that was held on October 15, 2015. So the records were available to be properly submitted at the administrative level. Claimant appears to make three arguments as to why there was good cause for Plaintiff's failure to submit the Records at the administrative level. First, Claimant argued that the ALJ failed to comply with his duty to develop the record. Second, Claimant appeared to argue that the Appeals Council failed to comply with an alleged duty to develop the record. And third, Claimant argued that the failure to submit the records was the fault of his counsel.

As to Claimant's first argument, it is well established that the ALJ "has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Id*. Further, the ALJ's duty only extends to the twelve months preceding the month in which Claimant filed his

application for disability.  *See id.* at 1276; *see also* 20 C.F.R. § 404.1512(b)(1) (formerly 20 C.F.R. § 404.1512(d)); *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013).

Here, none of the Records are from the twelve months preceding the month that Claimant filed his applications for disability (May 2013).  As such, the ALJ was under no duty to independently obtain the records.  Regardless, Claimant was represented by an attorney, and the "undersigned is not convinced that [Claimant's] counsel's failure to submit additional medical evidence can amount to the ALJ abrogating her duty to develop a full and fair record."  *See Kostomaj v. Astrue*, 2011 WL 4346565, *7 (M.D. Fla. Sept. 16, 2011).  Moreover, the ALJ explicitly asked Claimant's counsel if there was any additional evidence not in the file and Claimant's counsel said there was not.  *See Larry*, 506 F. App'x at 969 (finding that any alleged error the ALJ may have made in not obtaining more recent medical records was invited where the claimant's attorney stated at the hearing that the record was complete).  As such, Claimant's first argument is without merit.

As to Claimant's second argument, Claimant implicitly suggested that the duty to develop the record extends to the Appeals Council, and argued that the Appeals Council breached that duty by failing to obtain the Records after Claimant put the Appeals Council on notice of the Records' existence.[1]  Claimant appears to have argued that the Supreme Court extended the duty to the Appeals Council in *Sims v. Apfel*, 530 U.S. 103, 111 (2000).  Doc. 14 at 14.  But Claimant cited no subsequent case law, from this Circuit or any other, to suggest that the Appeals Council has a duty to develop the record, or that interprets *Sims* in the manner implicitly suggested by Claimant.

---

[1] Claimant's attorney forwarded to the Appeals Council a letter written by Claimant's roommate and signed by Claimant that raised the fact that there were missing medical records, but that did not include copies of the Records.  R. 383-90.

And the undersigned does not find that *Sims* stands for such a proposition.[2] Regardless, as explained with respect to Claimant's first argument, the Records are not from the twelve months preceding the month that Claimant filed his applications for disability (May 2013) and, thus, there was no duty to independently obtain the Records, especially where it appears that Claimant was still represented by an attorney at the time. *See* R. 10-18. As such, Claimant's second argument is without merit.

As to Claimant's third argument, the law is clear that an attorney's failure is imputed to his client. *See Culpepper v. Colvin*, 2014 WL 3889800, *5 (N.D. Ala. Aug. 6, 2014) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) and *Cadet v. State Dep't of Corr.*, 742 F.3d 473, 482 (11th Cir. 2014)). Thus, Claimant cannot establish good cause for his failure to submit the Records based upon his counsel's inexplicable failure to provide the Records to the ALJ or, later, to the Appeals Council. As such, Claimant's third argument is without merit.

For the foregoing reasons, the undersigned finds that Claimant has not established good cause for his failure to submit the Records at the administrative level. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's assignment of error.

### IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

---

[2] In *Sims*, the Court stated as follows: "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits, *see Richardson v. Perales*, 402 U.S. 389, 400–401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and the Council's review is similarly broad." *Sims*, 530 U.S. at 111. But the issue in *Sims* was whether the claimant was required to exhaust issues in front of the Appeals Council before the claimant could raise them before the court. And after stating that the Appeals Council's review is similarly broad, the Court went on to explain that the Appeals Council will evaluate the entire record, including new and material evidence, not that the Appeals Council has a duty to procure new and material evidence on the claimant's behalf. *Id.*

2.   Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 6, 2018.

*[signature]*

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy