UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC A. DOUGLAS,

    Plaintiff,

v.                                                                                Case No. 6:17-cv-490-Orl-37DCI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

In the instant action, Plaintiff Eric A. Douglas ("**Douglas**") appeals a final decision of the Commissioner of the Social Security Administration ("**Commissioner**") denying his claims for disability, social security disability insurance benefits and supplemental security income payments. (Doc. 1.) Douglas seeks remand of his application under sentence six of 42 U.S.C. § 405(g) for presenting new, noncumulative, and material evidence. (*See* Doc. 14, pp. 13–21.) On referral, U.S. Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 15 ("**R&R**")) recommending the Court affirm the Commissioner's final decision. Douglas then filed a partial objection (Doc. 16 ("**Objection**")), to which the Commissioner responded (Doc. 17). On *de novo* review, the Court finds that the Objection is due to be overruled and the R&R adopted.

                       I.        BACKGROUND

Douglas first filed claims for a period of disability, disability insurance benefits, and social security income payments on May 22, 2013, alleging disability beginning April

30, 2013. (Doc. 11, p. 1 (citing R. 257–66, 287).)[1] His claim was initially denied and denied again upon reconsideration. (*Id.* (citing R. 184–91, 197–208).) Douglas then requested a hearing, which was held on October 15, 2015 in front of an Administrative Law Judge ("**ALJ**") with counsel present. (*Id.* (citing R. 45–123, 209).) On November 12, 2015, the ALJ issued an unfavorable decision, concluding Douglas was not disabled. (*Id.* (citing R. 21–44).) Douglas requested review of the ALJ's decision before the Appeals Council of the Social Security Administration, which was denied. (*See* R. 12–17, 19.) As such, the ALJ's decision finding no disability became the Commissioner's final decision.

Before the hearing, among other documents Douglas filled out, he completed a form titled, "Claimant's Recent Medical Treatment," where he noted monthly treatment with Miguel Morales, M.D., a hospitalization at Lakeside Alternatives for attempted suicide, and treatment at Orlando Foot & Ankle Clinic with Christopher L. Reeves, DPM. (R. 375–76.) But medical records for Douglas's treatment with: (1) Dr. Morales dated May 22, 2014 through March 9, 2015, May 18, 2015, June 15, 2015, and October 29, 2015; (2) Lakeside dated January 4, 2014 and April 1, 2014; and (3) the Orlando Foot & Ankle Clinic dated October 27, 2014 through September 4, 2015 (collectively, "**Records**") were not part of the administrative record. (Doc. 14, p. 14; *see also* Docs. 14-1, 14-2, 14-3.)

Armed with this realization, when seeking review from the Appeals Council, Douglas wrote on his "**HA-520-U5**" Request for Review form, "I did see Dr. Morales on 5/22/2014 and before 4/20/15 on a monthly basis and am compliant with his orders."

---

[1] The Court cites the administrative record as "**R.**" in reference to the Social Security Transcript located at Doc. 12.

(R. 19.) His roommate also penned a letter to his counsel about the missing records, which Douglas's counsel submitted to the Appeals Council ("**Letter**"). (R. 383–407.) But neither Douglas nor his counsel submitted the Records to the Appeals Council for their review, despite the HA-520-U5's directives about additional evidence:

> **ADDITIONAL EVIDENCE**
> If you have additional evidence submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now. This will ensure that the Appeals Council has the opportunity to consider the additional evidence before taking its action. If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now. If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record.

(R. 19.) Without receiving the Records, the Appeals Council did not consider them—but it did consider the Letter and made it part of the administrative record. (*See* R. 12–17.)

Douglas now seeks remand for consideration of his disability status with these Records, claiming: (1) they are new, non-cumulative, and material; and (2) good cause excuses his failure to submit them at the administrative level. (Doc. 14, pp. 13–21.) On referral, Magistrate Judge Irick did not reach the former issue; rather, he found that Douglas failed to demonstrate good cause. (Doc. 15, pp. 4–6.) Specifically, he found unpersuasive Douglas's arguments that: (1) the ALJ's duty to develop the record required him to obtain these Records; (2) the Appeals Council also had a duty to develop the record, which mandated obtaining the Records; and (3) Douglas's counsel's failure to submit the Records constituted good cause. (*See id.*) Magistrate Judge Irick recommended affirming the Commissioner's decision accordingly. (*Id.* at 6–7.) Douglas then filed a partial objection, directed at Magistrate Judge Irick's second finding that the Appeals Council did not have a duty to obtain these records. (Doc. 16.) The Commissioner responded (Doc. 17), so the matter is ripe.

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Douglas objects to the R&R on the basis that the Appeals Council violated its duty to develop the record in failing to obtain the Records as part of their review. (Doc. 17.) Upon de novo review of the record, the Court agrees with Magistrate Judge Irick that the Appeals Council has no such duty, so overrules the Objection.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d) *now* § 416.912(d)(1)). This requires the ALJ to develop a claimant's complete medical history for the 12 months preceding the month an application is filed. *See id.; see also* 20 C.F.R. § 416.912(d). Douglas argues that the Appeals Council has a corollary duty to develop the record, relying on *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000). Not so. *Sims* stands for the proposition that a claimant "need not exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." *Id.* at 112. In so finding, the Court delineated the roles of the ALJ and the Appeals Council: "the ALJ's

duty [is] to investigate the facts and develop the arguments for and against granting benefits, . . . and the Council's review is similarly broad." *Id.* at 111 (citation omitted). The Court then explained that the Council's review is plenary and it reaches decisions after evaluating the entire record, including new and material evidence. *See id.* (citations omitted). So because the Council conducts a sweeping, all-encompassing review, the Court concluded that a claimant need not point out or develop specific issues for the Council to review—instead, identifying and fleshing out such issues is the Council's "primary responsibility." *See id.* at 112. That's *Sims*—nothing more. With this, the Court finds no support for Douglas's alternative reading that *Sims* requires the Appeals Council, in its review process, to obtain records not submitted by the claimant.

Douglas next claims that the Appeals Council's duty to obtain the Records arises from "**HALLEX**," the Hearings, Appeals and Litigation Law Manual. (Doc. 16, p. 3.) Putting aside that Douglas did not argue this previously (*see* Doc. 14), "HALLEX is an agency handbook not mentioned in § 405(g), so it cannot serve as the basis to remand [Douglas's] case." *See Carroll v. Soc. Sec. Admin., Com'r*, 453 F. App'x 889, 892 (11th Cir. 2011).[2] Thus, even if the Appeals Council deviated from agency procedures outlined in HALLEX in place at the time of Douglas's appeal, such does not constitute "good cause" for Douglas's failure to submit the Records. *See id.*

As it stands, the onus lies with the claimant to submit "new" evidence to the

---

[2] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

Appeals Council for its evaluation. *See Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (denying motion to remand because good cause not demonstrated when medical records existed and claimant "did not submit these documents to the agency, specifically the Appeals Council, while her administrative appeal was pending," even though the records "existed and could have been submitted while [her] administrative proceedings were ongoing"). Once submitted and accepted, the Appeals Council must consider the impact, if any, the new evidence has on the disability application. *See Mitchell v. Comm'r of Soc. Sec. Admin*, 771 F.3d 780, 784 (11th Cir. 2014). Yet the Appeals Council is under no such obligation if the claimant just provides notice of additional evidence he believes would affect the decision. As this is Douglas's argument for why good cause excuses his failure to submit the Records to the Appeals Council, it fails. Thus, his Objection is due to be overruled.

Having disposed of Douglas's Objection, the Court reviews the remaining, objection-free portions of the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the remainder of the R&R is due to be adopted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Eric A. Douglas's Objection to Report and Recommendation Dated June 6, 2018 (Doc. 16) is **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation

(Doc. 15) is **ADOPTED, CONFIRMED,** and made a part of this Order.

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk is **DIRECTED** to:

    a. Enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Eric A. Douglas; and

    b. Close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 20, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record